UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEREK RIVES, #1443680,**

    Petitioner,

v.                                                                                                  **CIVIL ACTION NO. 2:17cv565**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Derek Rives' ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 8. The parties consented to magistrate judge jurisdiction on March 20, 2018, ECF No. 7, the case was referred to the undersigned United States Magistrate Judge pursuant to an Order of the United States District Judge, ECF No. 13, and the case was reassigned. For the following reasons, Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED**, and the Petition, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. PROCEDURAL BACKGROUND

Petitioner is currently serving a nine-year sentence pursuant to a Final Order of the Circuit Court for the City of Colonial Heights ("Trial Court") entered on July 24, 2014. ECF No. 10, attach. 1. On January 21, 2014, a jury found Petitioner guilty of one count of possession of a Scheduled I or II controlled substance, in violation of Va. Code § 18.2-250, and one count of felony

1

eluding the police, in violation of Va. Code § 46.2-817(B). *Id.*, attach. 3 at 2. The jury fixed Petitioner's sentence at four years' imprisonment for felony eluding and five years' imprisonment for possession of a controlled substance. *Id.*, attach. 1 at 1. June 23, 2014, the Trial Court held a sentencing hearing and sentenced Petitioner to four years' imprisonment for felony eluding and five years' imprisonment for possession of a controlled substance. *Id.* The Sentencing Order was entered on July 24, 2014. *Id.* Petitioner was represented at trial and on appeal by Attorney Michael Lee ("Defense Counsel"). ECF No. 1 at 12. According to the factual findings of the Court of Appeals of Virginia, Petitioner's convictions arise out of the following factual background:

> [O]n December 30, 2012, Officer Gregory Thinnes ("Thinnes") of the Colonial Height[s] Police Department was sitting at a stoplight in a marked patrol car. Thinnes was facing west on Highland Avenue when a vehicle, driven by a person Thinnes later identified as [Petitioner], was traveling toward the intersection before it turned "right past" Thinnes, going east on Highland Avenue. As the vehicle passed Thinnes, the driver was "a matter of feet" away and had a "shocked" look on his face. As the vehicle continued past Thinnes' patrol car, the driver was looking back "over his shoulder" toward Thinnes.
>
> Consequently, Thinnes turned right at the intersection and then made another right turn when he saw the vehicle and driver again, about "a minute and a half" later, from a distance of "two car lengths." Thinnes eventually maneuvered his patrol car behind the vehicle and "ran" the license plate. Then, based on information obtained from "dispatch," Thinnes activated his blue lights to initiate a traffic stop. Initially, the vehicle moved to the shoulder and came to an "abrupt" stop. The vehicle then got onto Interstate 95 northbound. Thinnes continued to pursue the vehicle, reaching speeds of over 100 miles per hour. Thinnes testified that he observed "large, clear plastic bags" come from the passenger side of the vehicle just past an overpass, which broke apart when they hit the shoulder. The vehicle exited Interstate 95 and entered into an apartment complex. When Thinnes reached the parked vehicle, it was empty with its doors open. Neither the driver nor passenger was apprehended.
>
> Subsequent investigation led Thinnes to a picture of [Petitioner], who Thinnes identified as the driver of the vehicle. At [Petitioner's] trial, Thinnes testified that there was "no doubt" in his mind that [Petitioner] was the driver of the vehicle. On cross-examination, Thinnes testified that he had not seen [Petitioner] before December 30, 2012, and that he had only seen him for "a total of about [ten] seconds" during the pursuit. Tracy White ("White"), testifying for [Petitioner], asserted that she and another person had picked up [Petitioner] and "his young lady"

2

the day after Christmas in 2012 and that he had stayed at her house in Richmond until after New Year's Day. At the close of the evidence, the jury found [Petitioner] guilty of felony eluding, in violation of Code § 46.2-817, and possession of a schedule I or II controlled substance, in violation of Code § 18.2-250.

ECF No. 10, attach. 4 at 2-3.

Because the procedural background of this case is integral to the Court's disposition thereof, the undersigned will now articulate a chronology of Petitioner's appellate efforts and endeavors to obtain state and federal habeas relief.

Petitioner appealed his conviction to the Court of Appeals of Virginia on August 15, 2014. *Id.*, attach. 4 at 1. On appeal, Petitioner argued only that:

> The jury could not have found that the Commonwealth proved beyond a reasonable doubt that [Petitioner] was the person who was driving the vehicle on December 30, 2012 that fled from police and threw drugs from the passenger window where the only evidence was the officer's identification, the driver avoided apprehension at the scene, and a witness testified that [Petitioner] was at her house in Richmond on December 30, 2012.

*Id.*, attach. 4 at 2. The Court of Appeals denied his petition for appeal on March 18, 2015. *Id.*, attach. 4. Petitioner then appealed his conviction to the Supreme Court of Virginia, which refused his petition for appeal on January 19, 2016. *Id.*, attach. 5.

On December 27, 2016, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, alleging the following grounds:

> a. Trial counsel was ineffective for failing to file a *Brady* motion to challenge the sufficiency of the evidence that led to Petitioner's conviction;
>
> b. Petitioner's Due Process rights under the Fourteenth Amendment were violated when the trial court allowed the evidence to be presented at trial without him being allowed to challenge the sufficiency of the evidence;
>
> c. Petitioner's Due Process rights were violated when he was convicted by an all-white jury;
>
> d. Trial Counsel was ineffective when he failed to challenge the racial makeup of the jury panel;

3

e. Petitioner's Sixth Amendment right to a fair trial was violated when he was convicted by an all-white jury;

f. Petitioner's Sixth Amendment rights were violated when he was denied the right to confront the witnesses against him, noting that his witnesses could have contradicted the Commonwealth's evidence;

g. Trial Counsel was ineffective for failing to allow Petitioner's witnesses to testify as to their version of the facts;

h. Petitioner's "rights under Article 1, § 9, Clause 8 under the United States Constitution [were] violated when his trial attorney carried the title of 'Esquire,'" noting that this is a "British Title of Nobility, thereby rendering counsel ineffective by carrying this illegal title."

*Id.*, attach. 6.

On May 31, 2017, the Supreme Court of Virginia dismissed Petitioner's state habeas petition. *Id.*, attach. 7. On June 19, 2017, Petitioner filed a petition for rehearing *en banc*, which the Supreme Court of Virginia denied on October 5, 2017. *Id.*, attachs. 8-9.

On October 30, 2017, Petitioner filed a *pro se* Section 2254 Petition ("the Petition") for federal habeas relief in this Court, ECF No. 1, wherein he raised the following claims:

Ground One: Defense Counsel was ineffective, in violation of the Sixth Amendment, when:

(a) Defense Counsel failed to file a motion for discovery of all exculpatory evidence, which impeded Petitioner's ability to raise a defense against the evidence presented at trial;

(b) Defense Counsel denied Petitioner the right to introduce a notarized affidavit from "J. Stevens," who Petitioner alleges claimed sole responsibility for the conduct that served as a basis for Petitioner's convictions;

(c) Defense Counsel refused to call witnesses Raytrinique Person and Celestine Allen on Petitioner's behalf at trial;

(d) Defense Counsel refused to object to the selection of an all-white jury that was contrary to the local community of Colonial Heights, Virginia.

4

ECF No. 1 at 5, 15. On March 23, 2018, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 8-11. On April 16, 2018, Petitioner filed a Response to the Motion to Dismiss. ECF No. 14. Respondent has failed to file a reply and the time to do so has expired. Accordingly, this matter is ripe for resolution.

## II. DISCUSSION

A. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the grounds asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these grounds are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va.

1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

*2. Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual

or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

*3. Petitioner's Ground (1)(b) and Ground (1)(c) are Procedurally Defaulted*

Respondent concedes that Petitioner's Ground (1)(a), (1)(c), and (1)(d) were timely presented before the Supreme Court of Virginia in his state habeas petition, and therefore, those claims have been properly exhausted. ECF No. 10 at 12, 14, 17. However, Petitioner did not raise Ground (1)(b) before any state court for review, and therefore, Petitioner has failed to exhaust that claim.[1] By not raising Ground (1)(b) on appeal or in his state habeas petition prior to filing the instant Petition, Petitioner has failed to exhaust his available state court remedies. However, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). If Petitioner were to raise this issue in a new state habeas petition to exhaust his state post-conviction remedies, he would be procedurally barred because the time for doing so expired on January 19, 2017, one year from the final disposition of the direct appeal in state court. *See* Va. Code § 8.01-654(A)(2). Thus, Petitioner's Ground (1)(b) is both exhausted and procedurally defaulted.

---

[1] Notably, Petitioner mentioned—for the first time—the factual basis for Ground (1)(b), an affidavit of his co-defendant, in his Petition for Hearing *En Banc* to the Supreme Court of Virginia in support of state habeas petition claim f, ECF No. 10, attach. 8, but the Court denied his request and did not address it, ECF No. 10, attach. 9.

The Supreme Court of Virginia determined that Ground (1)(c) was barred because his claim, identified as claim (f) in Petitioner's state habeas petition, raised "non-jurisdiction issues that could have been raised at trial and on direct appeal, and thus, are not cognizable in a petition for a writ of habeas corpus." ECF No. 10, attach. 7 at 3 (citing *Slayton, v. Parrigan*, 215 Va. 27, 29 (1974), *cert. denied*, 419 U.S. 1108 (1975)). This form of procedural default constitutes an adequate and independent state law ground. Because Ground (1)(c) has been procedurally defaulted in state court on adequate and independent state law grounds, this Court may not reach its merits. *See Hedrick*, 443 F.3d at 359; *Watson v. Clarke*, 2:17cv197, 2018 U.S. Dist. LEXIS 161636, at *34 (E.D. Va. July 10, 2018).

Petitioner may overcome procedural default of these claims if he "is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602). Petitioner does not indicate why he failed to present Ground (1)(b) to the state court, nor does he directly make any cause and prejudice or miscarriage of justice argument. However, the substance of Petitioner's Ground (1)(b) appears to argue indirectly that Petitioner is actually innocent.[2] Petitioner first mentioned an affidavit of his co-defendant in his Petition for Rehearing En Banc to the Virginia Supreme Court, stating in the supporting facts:

> My co-defendant "Javez Stevens" was also going to sign an affidavit stating that he pleaded guilty to the same possession of cocaine charge that I got found guilty of, and he also was to tell the court that I wasn't with him at the time of the crime and that he took full responsibility for his actions and that I [sic] am now serving time for something that he did and I should be home with my child and family.

---

[2] The Court considers Petitioner's actual innocence argument as a means to excuse both Petitioner's procedural default for Ground (1)(b) and Ground (1)(c).

ECF No. 10, attach. 8 at 4. In his instant Petition, Petitioner argues that Defense Counsel denied him the right to introduce an "affidavit by the co defendant [sic] (J. Stevens) claiming sole responsibility[,] as he later plead [sic] guilty after petitioners [sic] conviction." ECF No. 1 at 5. However, Petitioner has failed to produce this affidavit such that it could serve as a basis for a claim of actual innocence that would excuse his procedural default.[3] Furthermore, it is unclear to the Court whether this evidence is "new" as Petitioner claims he intended to, but was prevented from, submitting this evidence at his jury trial. *Id.* Even less clear to the Court is whether this affidavit actually exists as Petitioner stated his co-defendant "*was* also going to sign an affidavit" but does not indicate that this ever occurred. ECF No. 10, attach. 8 at 4. Petitioner's unsworn recitation of what he believes the affidavit would show—that his co-defendant is solely responsible for a crime Petitioner was convicted of—fails to meet the clear and convincing standard required for a claim of actual innocence to excuse procedural default.[4] Thus, the Court **FINDS** Petitioner's Ground (1)(b) is simultaneously exhausted and procedurally defaulted and Petitioner's Ground (1)(c) is procedurally defaulted on adequate an independent state law grounds. The Court further **FINDS** that Petitioner has failed to make an adequate showing of cause and prejudice or miscarriage of justice to excuse his procedural shortcomings.

B. Ineffective Assistance of Counsel

Because Petitioner's Ground (1)(b) and Ground (1)(c) are procedurally defaulted, the Court may not consider the merits of those claims. However, Ground (1)(a) and Ground (1)(d) have

---

[3] Petitioner does not explain how an affidavit from one perpetrator purportedly claiming responsibility for an offense involving two alleged perpetrators would necessarily establish the other's innocence.

[4] Petitioner also appears to imply actual innocence in the factual underpinnings of his Ground (1)(c), in which he claims that Defense Counsel refused to call Raytrinique Person and Celestine Allen to testify on his behalf at trial "that I was not guilty of the crimes." ECF No. 1 at 15. However, this argument is deficient for the same reasons that the Stevens' Affidavit is deficient. Petitioner has failed to provide an affidavit of these individuals or any evidence of what they would have testified to at trial. Further, because this information was available to Petitioner at trial, this evidence is not "new," as required by the actual innocence test.

been properly presented to the state court and to this Court. Therefore, the Court may proceed to the merits of Petitioner's Ground (1)(a) and Ground (1)(d).

Ineffective assistance of counsel claims are governed by the standards established in *Strickland v. Washington*. 466 U.S. 668 (1984). Generally, for a petitioner to be entitled to habeas relief in State court for ineffective assistance of counsel under the Sixth Amendment, he must show both that (1) his trial counsel provided deficient assistance, and (2) that he was prejudiced as a result of Defense Counsel's deficiency. *Id.* at 700 (providing that the inquiry is split into two prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance"). Second, Petitioner must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693-94. The *Strickland* Court held that trial counsel's errors must be "so serious as to deprive the defendant of a fair trial." *Id.* at 687.

Furthermore, a petitioner in a federal habeas proceeding where his Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court faces a high bar. The United States Supreme Court outlined this standard in *Premo v. Moore*:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 115, 122-23 (2011) (internal quotation marks omitted) (internal citations omitted); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that a habeas petitioner's ineffective-assistance claim fails "[u]nder the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam)). Because Petitioner has not alleged in his Petition that the state court decided Petitioner's state habeas endeavors "differently than th[e United States Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362 at 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo*, 562 U.S. at 121 (citing *Harrington v. Richter*, 562 U.S. 86 at 100 (2011); 28 U.S.C. § 2254(d)(1)); *see also Strickland*, 446 U.S. 668.

*Ground (1)(a): Defense Counsel Failed to File a Motion for Discovery of All Exculpatory Evidence*

The Supreme Court of Virginia reached the merits of Petitioner's Ground (1)(a), so this Court need only determine whether the state court's decision "resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 562 U.S. at 121 (citing *Harrington*, 562 U.S. at 100. Petitioner alleged in his state habeas petition that he was denied effective assistance of counsel because Defense Counsel did not file a *Brady* motion for exculpatory evidence for a suppression hearing to challenge the sufficiency of the evidence. *Id.*, attach. 7 at 1. Petitioner further argued that if Defense Counsel challenged the sufficiency of the evidence then there "could have been the possibility" that the Commonwealth's evidence was "flawed" or "tainted." *Id.* The Supreme Court of Virginia determined that Petitioner's claim "satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in *Strickland*." *Id.* The

Supreme Court of Virginia articulated that, pursuant to *Brady v. Maryland*, "'the prosecution's suppression of evidence favorable to the accused and material to either guilt or punishment violates due process.'" *Id.* (quoting *Commonwealth v. Tuma*, 285 Va. 629, 634 (2013) and citing *Brady v. Maryland*, 373 U.S. 83 (1963)). The state court reasoned that Petitioner did not contend the prosecution suppressed evidence favorable to the defense, but rather, suggested that the prosecution's evidence lacked credibility or was insufficient. *Id.* The Virginia Supreme Court determined that Petitioner failed to identify specific evidence Defense Counsel should have sought and challenged or explain how the prosecution's evidence was "flawed" or "tainted"; noting also that a suppression motion is not the proper vehicle for challenging the sufficiency of the evidence. *Id.*, attach. 7 at 1-2. The Supreme Court of Virginia concluded that Petitioner "failed to demonstrate [Defense Counsel's] performance was deficient or that there is a reasonable probably that, but for [Defense Counsel's] alleged errors, the results of the proceeding would have been different." *Id.* The Supreme Court of Virginia's conclusions were not unreasonable, and thus, under *Strickland*, Petitioner has failed to show that Defense Counsel's representation fell below an objective standard of reasonableness when he failed to file a motion to obtain exculpatory evidence. As a result, this Court **FINDS** that the rationale and holding of the Supreme Court of Virginia on Petitioner's Ground (1)(a) did not result from an unreasonable application of clearly established federal law.

*2. Ground (1)(d): Defense Counsel Refused to Object to the Selection of an All-White Jury*

The Supreme Court of Virginia reached the merits of Petitioner's Ground (1)(d), so this Court need only determine whether that Court's decision "resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 562 U.S. at 121 (citing *Harrington*, 562 U.S. at 100. The Supreme Court of Virginia determined that Ground (1)(d) satisfied neither the

13

"performance" nor the "prejudice" prong of the *Strickland* two-part test. ECF No. 10 attach. 7 at 2. For Petitioner to be granted habeas relief on this claim, he must demonstrate that Defense Counsel provided ineffective assistance of counsel which fell below the permissible minimum level of effectiveness by failing to object to the all-white jury, and that the failure to object prejudiced Petitioner, such that the outcome likely would have been different. *See Strickland*, 466 U.S at 700. In considering this claim in Petitioner's state court habeas petition, the Supreme Court of Virginia stated:

> Petitioner does not allege a "distinctive group in the community" was not fairly and reasonably represented "in the venires from which juries are selected" in the City of Colonial Heights or that any underrepresentation "is due to systemic exclusion of the group in the jury-selection process." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (citation omitted). Nor does [P]etitioner describe the racial composition of the community or allege any basis to suspect any "intentional discrimination." *Casteneda v. Partida*, 430 U.S. 482, 493 (1977) (citation omitted). Further, [P]etitioner does not allege the composition of his jury was the result of discriminatory strikes by the prosecutor. *See Batson v. Kentucky*, 476 U.S. 79, 96-97 (1986). Finally, "there is no requirement that a petit jury actually chosen must mirror the racial balance of the community." *Watkins v. Commonwealth*, 238 Va. 341, 347, 385 S.E.2d 50, 53 (1989). Thus, [P]etitioner has failed to demonstrate that [Defense Counsel's] performance was deficient or that there is a reasonable probability that, but for [Defense Counsel's] alleged errors, the result of the proceeding would have been different.

*Id.* at 2-3. The Supreme Court of Virginia's rejection of Ground (1)(d), then-identified as claim (d), was neither unreasonable nor contrary to current United States Supreme Court precedent. The Supreme Court of Virginia ultimately found that neither *Strickland* prong was satisfied. *Id.* at 2. The undersigned agrees. The United States Supreme Court has stated that "[a] defendant has no right to a petit jury composed in whole or in part of persons of his own race." *Batson v. Kentucky*, 476 U.S. 79, 79 (1986). Petitioner has offered no basis or evidence to support his suspicion of intentional discrimination on the part of the prosecution, or of Defense Counsel, nor did Petitioner contend that the venire, from which the jury was selected, was not representative of the City of

Colonial Heights or that any underrepresentation is due to a systematic exclusion of the group in the jury-selection process. *Berghuis v. Smith*, 559 U.S. at 319. It cannot be said that Defense Counsel's decision not to object to the jury selection falls below any objective standard of reasonableness. Therefore, the Court **FINDS** that the Supreme Court of Virginia's consideration and ultimate denial of Ground (1)(d) was neither unreasonable or contrary to clearly established federal law.

### III. CONCLUSION

For these reasons, the Court **FINDS** that Ground (1)(b) and Ground (1)(c) are procedurally defaulted. The Court further **FINDS** that the substance of Ground (1)(a) and Ground (1)(d) are without merit. Therefore, Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED**, and Petitioner's Petition, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE.**

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and to counsel for Respondent.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 21, 2019